UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN STRUNA, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | : | Case No. 1:14-CR-275<br>Case No. 1:16-CV-2659<br><br>OPINION & ORDER<br>[Resolving Doc. 34, 1:14-CR-275]<br>[Resolving Doc. 1, 1:16-CV-2659] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

John Struna petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] Struna argues that his federal convictions are constitutionally infirm because of prosecutorial misconduct and ineffective assistance of counsel. For the reasons below, the Court **DENIES** Struna's petition.

## I. Background

On November 17, 2014, Petitioner John Struna pleaded guilty to having conspired to commit bank fraud, bank fraud, making false statements to a financial institution, and money laundering.[2] On February 23, 2015, the Court sentenced Struna to 43 months imprisonment and ordered him to pay $2,308,272.29 in restitution.[3] Struna did not appeal.

On October 31, 2016, Struna filed the instant § 2255 petition.[4] Struna argues that this Court should vacate his conviction, sentence, and restitution payments because of prosecutorial misconduct and ineffective assistance of counsel.[5] Struna's arguments largely center around the government's alleged use of privileged information that Struna gave during a July 2013 proffer

[1] Doc. 34. The government opposes. Doc. 37. Petitioner Struna replies. Doc. 42.
[2] Docs. 1, 22.
[3] Doc. 29.
[4] Doc. 34.
[5] Doc. 34-1. at 4-8.

session. Struna argues that the government improperly used this proffer information to obtain Struna's conviction and that his trial attorney failed to object.[6]

The government argues that Struna's petition is time-barred.[7]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[8]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[9] Non-constitutional errors are generally outside the scope of § 2255 relief.[10] A defendant can only prevail when alleging a non-constitutional error by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[11]

---

[6] Doc. 34-1 at 4-19.
[7] Doc. 37 at 3-8.
[8] 28 U.S.C. § 2255(a).
[9] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[10] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[11] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal citation omitted).

**III. Discussion**

*A. Petitioner Struna's untimely petition procedurally bars him from seeking § 2255 relief.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to § 2255 petitions. The limitations period begins to run from the latest of

> (1)[t]he date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[12]

Petitioner Struna was sentenced on February 23, 2015, and judgment was entered the next day.[13] His conviction and sentence became final upon expiration of the fourteen-day period during which he could have appealed.[14] Thus, the deadline for filing a § 2255 petition was March 10, 2016. Struna's petition, filed on October 31, 2016, is time-barred.[15]

*B. Equitable tolling fails to save Petitioner Struna's claims.*

Struna argues that equitable tolling saves his untimely petition because his habeas claims are based on evidence that he did not secure until after his conviction.[16]

[12] 28 U.S.C. § 2255(f).
[13] Doc. 29.
[14] *See United States v. Sanchez-Castellano*, 358 F.3d 424, 427 (6th Cir. 2004).
[15] None of the alternate events triggering the limitations period applies in this case. Struna has pointed to no government-created impediment to filing and, as discussed in Section III.B, he does not present any new facts.

Although Struna states that his habeas petition is based on a newly recognized right, Doc. 42 at 2-3, he is mistaken. Struna cites *Turner v.United States*, 137 S. Ct. 614 (2016), and *Overton v. United States*, 137 S. Ct. 614 (2016), as "new law" that provides a timely basis for his petition. But the Supreme Court has only granted *certiorari* in these cases. The Court has not yet heard oral arguments or issued opinions in these cases. A mere *certiorari* grant cannot serve as the source of a newly recognized constitutional right.
[16] Doc. 42 at 2.

Courts may equitably toll the AEDPA's one-year statute of limitations, but only if the petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"[17] Federal courts should use the equitable tolling doctrine "sparingly."[18]

Petitioner Struna has not established that equitable tolling applies.

Struna alleges that the government improperly used proffer information to obtain his indictment.[19] According to Struna, he discovered the government's alleged use of the proffer information through a post-conviction Freedom of Information Act (FOIA) request.[20] Struna suggests that this "investigation and research" delayed his § 2255 petition.[21]

Struna has not demonstrated diligent pursuit of his rights, and he has not demonstrated extraordinary circumstances that prevented timely filing.[22] Even assuming that a FOIA request revealed government misuse of privileged information, Struna does not explain why he failed to meet the AEDPA's one-year deadline.

To justify a § 2255 motion's tardiness, the Court needs a timeline. When did Struna make the FOIA request? And when did he obtain the evidence supporting his claim? The Court is in the dark here. Petitioner Struna makes no showing of the circumstances—ordinary or extraordinary—that prevented him from timely filing his § 2255 motion. Struna filed his petition more than six months late, and equitable tolling does not save it.

---

[17] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).
[18] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).
[19] Doc. 34-1 at 6-7.
[20] Doc. 42 at 2.
[21] *Id.*
[22] *See Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)) ("A petitioner can establish due diligence by showing that he took 'prompt action . . . as soon as he [was] in a position to realize that he [had] an interest in challenging' his conviction.").

The Court also notes that independent sources likely exist for the information obtained during Struna's proffer session.

For example, Struna's co-conspirators—Michael Ruksenas and Alex Spirikaitis—likely provided the government with information about Struna. Ruksenas and Spirikaitis signed plea agreements on December 3, 2013 and February 3, 2014, respectively.[23] In those agreements, both agreed to "cooperate fully" with the government and "provid[e] complete and truthful information" about other persons being investigated or prosecuted.[24] Struna was not indicted until August 20, 2014 – more than six months after Ruksenas and Spirikaitis's cooperation agreements. Given their obligation to provide information, Ruksenas and Spirikaitis are likely independent sources of Struna's proffer information.

State and federal regulatory agencies were also likely independent sources of proffer information. Taupa Lithuanian Credit Union ("Taupa"), the credit union defrauded by Struna, was insolvent in July 2013. Accordingly, on July 12, 2013, the National Credit Union Administration (NCUA) and Ohio's Department of Commerce, Division of Financial Institutions ("DFI") took possession of Taupa and placed it into receivership.[25] NCUA and Ohio's DFI therefore had access to all of Taupa's books a year before Struna's indictment. It seems improbable that Struna's proffer session was the only source of information for his conviction.

*C. Petitioner Struna fails to make a showing of actual innocence that would warrant an exception to the AEDPA limitations period.*

Struna finally argues that his actual innocence claim offers the Court a gateway to his otherwise time-barred constitutional claims.[26]

---

[23] Docket No. 1:13-cr-510, Doc. 5 (Ruksenas); Docket No. 1:14-cr-25, Doc. 17 (Spirikaitis).
[24] *Id.*
[25] Doc. 23.
[26] Doc. 42 at 2.

The AEDPA excuses untimely petitions where there is a showing of actual innocence.[27] Under this exception, petitioners must provide "credible new evidence of actual innocence."[28] The actual innocence exception is available to petitioners whose convictions were the result of a plea.[29] Importantly, however, "actual innocence means factual innocence, not mere legal insufficiency."[30] Without new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient" to reach a time-barred claim's merits.[31]

Struna fails to make a threshold showing of actual innocence that would justify reviewing the merits of his constitutional claim.[32] Struna states that he is innocent, but offers no "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" to support his bare assertions.[33] If true, Struna's allegations suggest that the government improperly investigated and prosecuted him. But they do not suggest that he is innocent. Because Struna fails to make a showing of actual innocence, his constitutional claims remain procedurally barred.

To the contrary, at his plea colloquy, Struna agreed that "from December of 2002 through July of 2013, there was a pattern of conduct in which Mr. Struna would withdraw monies that he took from the [Taupa Lithuanian] credit union in the form of checks from accounts that held insufficient funds to honor those checks, and that amount was approximately $2.3 million." Struna also agreed that there were "transfers from an intermediate account that was controlled by co-conspirator Alex Spirikaitis in which there were 40 fraudulent transfers into Mr. Struna's

---

[27] *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).
[28] *Id.* (citing *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008)).
[29] *Bousley v. United States*, 523 U.S. 614, 623 (1998).
[30] *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley*, 523 U.S. at 623).
[31] *Schlup v. Delo*, 513 U.S. 298, 316 (1995).
[32] *See id.* at 317
[33] *Id.* at 324.

personal account and * * * four transfers in his corporate account, and two transfers into his personal share account."

Struna does not show actual innocence sufficient to excuse his failure to timely file his Section 2255 petition.

## IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Struna's petition. There is no basis upon which to issue a certificate of appealability.[34]

IT IS SO ORDERED.

Dated: March 6, 2017

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[34] See 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).