UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

JOHN STRUNA, : Case No. 1:14-CR-275

    Petitioner,

v. : OPINION & ORDER
: [Resolving Doc. 44]

UNITED STATES OF AMERICA,

    Respondent.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court previously denied John Struna's petition for habeas corpus under 28 U.S.C. § 2255.[1] Petitioner Struna now moves the Court to reconsider its denial of his petition.[2] For the reasons below, the Court **DENIES** Struna's motion for reconsideration.

## I. Background

On November 17, 2014, Petitioner John Struna pled guilty to conspiracy to commit bank fraud, bank fraud, making false statements to a financial institution, and money laundering.[3] On February 23, 2015, the Court sentenced Struna to 43 months imprisonment and ordered him to pay $2,308,272.29 in restitution.[4] Struna did not appeal.

On October 31, 2016, Struna filed a § 2255 petition.[5] Struna argued that the Court should vacate his conviction, sentence, and restitution payments because of prosecutorial misconduct and ineffective assistance of counsel.[6] Struna's arguments centered on the Government's alleged use of privileged information that Struna gave during a July 2013 proffer session.

---

[1] Doc. 43.
[2] Doc. 44.
[3] Docs. 1, 22.
[4] Doc. 29.
[5] Doc. 34.
[6] Doc. 34-1 at 4-8.

Case No. 1:14-CR-275
Gwin, J.

The Court denied Struna's § 2255 petition on March 3, 2017. The Court concluded that Struna's petition was untimely and that Struna failed to make a showing of actual innocence warranting an exception to the statute of limitations.[7]

On April 26, 2017, Petitioner Struna moved the Court to reconsider its denial of his § 2255 petition.[8] Struna argues that the Court's opinion denying habeas relief "flies in the face of established Supreme Court precedents."[9]

In its response, the Government argues that Petitioner Struna fails to show legal error or present new evidence justifying reconsideration of the Court's previous judgment.[10]

## II. Legal Standard

As a threshold matter, this Court construes Struna's motion alleging legal error as a motion for reconsideration under Rule 59.[11]

Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[12] A reconsideration motion, however, is not an opportunity to re-litigate previously decided matters or present the case under new theories.[13] Such a motion is extraordinary and sparingly granted.[14]

## III. Discussion

After having pled guilty and waived any appeal, Petitioner Struna moves for reconsideration on three grounds: (1) the Court erred in concluding that Struna's § 2255 petition

---

[7] Doc. 43.
[8] Doc. 44.
[9] *Id.* at 2.
[10] Doc. 45.
[11] *See Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reserve its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[12] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[13] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[14] *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

was untimely; (2) Struna's petition sufficiently demonstrated ineffective assistance of counsel; and (3) the Court improperly denied Struna a certificate of appealability.[15]

*Timeliness of Struna's Petition*

The Court properly concluded that Struna's § 2255 petition was untimely. As discussed in the Court's opinion, Struna filed his petition more than seven months after the deadline for an appeal from this Court's § 2255 ruling.[16]

The Court's opinion also explains why equitable tolling does not save Struna's petition. Struna alleges that he discovered through a Freedom of Information Act (FOIA) request that the Government improperly used proffer information to indict him.[17] Struna now argues that his petition was tardy because the Government took "several months" to respond to the FOIA request. Struna says he made the FOIA request in February 2016, within a year of his sentence.[18]

Struna's FOIA request, however, is dated September 9, 2016, six months after the habeas deadline had passed.[19] The Government received the request on September 20, and responded on October 25, 2016.[20] Struna waited eighteen months after his sentencing to file the FOIA request forming the basis of his habeas claims. Equitable tolling therefore does not save his petition.

And as discussed in the Court's opinion, the Government likely had independent sources for the information it obtained during Struna's proffer session. Struna's co-conspirators, who signed plea agreements with cooperation provisions, likely provided the government with information about Struna. Similarly, the state and federal regulatory agencies that took over the credit union defrauded by Struna likely provided information. Reconsideration is unwarranted.

---

[15] Doc. 44 at 2-5.
[16] Doc. 43 at 3.
[17] Doc. 42 at 2.
[18] Doc. 44 at 3-4.
[19] Doc. 45-1 at 1.
[20] Doc. 45-2 at 1.

Case No. 1:14-CR-275
Gwin, J.

*Ineffective Assistance of Counsel*

The Court also properly denied Struna's ineffective assistance of counsel claims.

Struna argues that he was "prejudiced by counsel's unprofessional error" of recommending that Struna reject an initial plea offer.[21] As discussed above, Struna's claim was untimely. Further, Struna offers no new evidence supporting his ineffective assistance of counsel claims. The performance of Struna's attorney, Richard Blake, did not fall below the *Strickland* objective standard of reasonableness. Attorney Blake's negotiation of Struna's plea agreement fell within professional norms. The Court will not reconsider its opinion.

*Certificate of Appealability*

Finally, the Court properly denied Struna a certificate of appealability. Courts may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[22] Struna failed to make such a showing. Moreover, "[t]he proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certification of appealability before the appellate court."[23]

### IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Struna's motion for reconsideration.

IT IS SO ORDERED.

Dated: May 26, 2017            *s/     James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[21] Doc. 44 at 5.
[22] 28 U.S.C. § 2253(c)(2).
[23] *Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001).

4